[Civ. No. 50238. First Dist., Div. Three. Feb. 6, 1981.]

WATT INDUSTRIES, INC., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
ALAN J. STERNBERG et al., Real Parties in Interest.

COUNSEL

Kenneth N. Burns and Ellman, Passovoy & Burke for Petitioner.

No appearance for Respondent.

Eugene McAuliffe and Charles Stuhr for Real Parties in Interest.

OPINION

**BARRY-DEAL, J.**—This petition challenges a ruling upholding a claim of work product "privilege" for notes made by an attorney during nego-

tiations connected with a real estate contract entered by his client. Petitioner contends that the work-product "privilege" does not apply to notes made while the attorney acts as the business agent for a client. We agree with petitioner and therefore issue writ of mandate.

Briefly, the facts are that petitioner Watt Industries, Inc., was engaged in the conversion of certain rental property into condominiums. In connection with that activity petitioner approached tenants Donald and Kathleen DeBernardi with an offer to sell them their unit for 10 per cent below the publicly offered price. At least from petitioner's viewpoint, one condition to the sale was that the DeBernardis intended to occupy the unit as their primary residence. When a question arose about the DeBernardis' intentions, Mr. Gerald Katell, an officer of petitioner, telephoned Alan J. Sternberg who was then an attorney for the DeBernardis on business and tax matters.

According to Mr. Katell, Attorney Sternberg made extensive representations about the DeBernardis' intentions to reside in the unit. On the basis of those representations, Katell agreed to reinstate the agreement to purchase, which otherwise would have lapsed because of financing difficulties.

The deal closed on August 18, 1978, and within three months the DeBernardis placed the unit on the market. The underlying lawsuit followed, seeking a rescission for fraud, and Mr. Sternberg was deposed. He testified that he had spoken to Mr. Katell on the phone. As a result of a motion to compel answers to other questions, he has been ordered to answer questions about the content of the conversation. However, at the deposition he refused to produce notes he made at the time of the conversation, and a motion to compel production was denied. This petition followed.

■ California has enacted a statutory work-product rule which, though not so denominated, operates in a somewhat similar fashion to a "privilege." (See Code Civ. Proc., § 2016, subd. (b); *Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 399 [15 Cal.Rptr. 90, 364 P.2d 266]; *Mize v. Atchison, T. & S.F. Ry. Co.* (1975) 46 Cal.App.3d 436, 447 [120 Cal.Rptr. 787]; *American Mut. Liab. Ins. Co. v. Superior Court* (1974) 38 Cal.App.3d 579, 594 [113 Cal.Rptr. 561]). It provides that "[t]he work product of an attorney shall not be discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing his claim or defense

or will result in an injustice, and anything in writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories shall not be discoverable under any circumstances." (Code Civ. Proc., § 2016, subd. (b).)

The effect of that section is to create two privileges: "a qualified privilege against discovery of a general work product and an absolute privilege against disclosure of documents containing the attorney's 'impressions, conclusions, opinions, or legal theories.'" (*American Mut. Liab. Ins. Co.* v. *Superior Court, supra,* 38 Cal.App.3d 579, 594.) A policy statement contained in subdivision (g) of section 2016 explains that the purposes for the rule are to "preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases" and to "prevent an attorney from taking undue advantage of his adversary's industry and efforts." Because the statute contains no definition of "work product" it is appropriate to look to the statement of purpose to determine whether the work-product rule is involved in a particular discovery request. (*Mack* v. *Superior Court* (1968) 259 Cal.App.2d 7, 10 [66 Cal.Rptr. 280].)

■ The statement of purpose speaks only of protecting an attorney's preparation of cases for trial. We need not decide whether the work-product "privilege" also protects information related to an attorney's legal work in connection with advising clients or providing legal assistance in commercial or noncommercial transactions. But where, as here, the attorney acts merely as a business agent for the client in conveying the client's position to a contracting party, we see no justification for protecting the attorney's notes concerning the conversation. To apply the privilege in such a situation would have the effect of placing a premium upon use of attorneys as business agents, nonattorneys or clients acting for themselves having no such right to protect their notes. As we view the work-product "privilege," it applies to documents related to legal work performed for a client, not to notes memorializing acts performed as a mere agent.[1]

---

[1]We acknowledge that under different facts, the distinction between acts performed as an agent and those involving legal work might be difficult to draw. Presumably, in doubtful cases or those in which the legal work and work performed as an agent are inextricably intertwined, the privilege will be sustained. However, this is a clearcut case of an attorney acting as a business agent performing nothing which could be considered legal work in the conversation memorialized.

Having concluded that the work-product "privilege" does not apply to the notes in question, we must annul the trial court's order denying petitioner's motion to compel their production. We have reached this conclusion after full briefing by the parties. Issuance of an alternative writ would only cause further delay. We therefore issue a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal. App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the San Francisco County Superior Court to vacate its order of June 25, 1980, denying petitioner's motion to compel production of documents and to enter an order granting the motion to produce Mr. Sternberg's notes.

White, P. J., and Scott, J., concurred.