TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 86-704 |
| of | : | <u>JANUARY 30, 1987</u> |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| RODNEY O. LILYQUIST<br>Deputy Attorney General | : | |

_____

THE HONORABLE DWIGHT L. HERR, COUNTY COUNSEL, COUNTY OF SANTA CRUZ, has requested an opinion on the following questions:

1. Is the lawyer-client privilege or the work- product rule available in a grand jury proceeding to prevent disclosure of requested information?

2. Is a public officer entitled to claim the lawyer-client privilege or rely upon the work-product rule to prevent disclosure of requested information?

CONCLUSIONS

1. The lawyer-client privilege and the work- product rule are available in a grand jury proceeding to prevent disclosure of requested information.

2. A public officer is entitled to claim the lawyer-client privilege and rely upon the work-product rule to prevent disclosure of requested information.

1

ANALYSIS

The two questions presented for analysis concern certain documents prepared by city officers evaluating personal injury claims filed against the city. A county grand jury has subpoenaed the documents. May the city officers claim the lawyer-client privilege or rely upon the work-product rule in order to prevent disclosure of some or all of the documents to the grand jury?

1. Grand Jury Proceedings

The first question to be resolved is whether as a general matter the lawyer-client privilege or work-product rule is available to be claimed by a witness in a grand jury proceeding. We conclude that both are generally available in such a proceeding.

Preliminarily, we note that "the grand jury is a 'judicial body' [citation], 'an instrumentality of the courts of this state . . . .' [citations]." (*People v. Superior Court* (1975) 12 Cal.3d 430, 438.) It performs both a criminal and civil function—indicting persons for crimes and investigating and reporting upon matters of local government. (*Gillett-Hanes-Duranceau & Associates, Inc. v. Kemple* (1978) 83 Cal.App.3d 214, 221; 64 Ops.Cal.Atty.Gen. 900, 901-902 (1981).) It may summon witnesses and subpoena records. Its "power is analogous to that of an administrative inquiry." (*People v. Sperl* (1976) 54 Cal.App.3d 640, 654; see 67 Ops.Cal.Atty.Gen. 58, 63 (1984).)

A. Lawyer-Client Privilege

Evidence Code section 954[1] states in part:

"Subject to Section 921[2] and except as otherwise provided in this article, the client whether or not a party, has a privilege to refuse to disclose, and to prevent from disclosing, a confidential communication between client and lawyer if the privilege is claimed by:

"(a) The holder of the privilege;

"(b) A person who is authorized to claim the privilege by the holder of the privilege; or

---

[1] All references to the Evidence Code are by section number only.

[2] Section 921 concerns the manner in which certain privileges may be waived by the holder.

2

"(c) The person who was the lawyer at the time of the confidential communication, but such person may not claim the privilege if there is no holder of the privilege in existence or if he is otherwise instructed by a person authorized to permit disclosure."

The lawyer-client privilege covers not only private conversations held between lawyer and client but also disclosures made through intermediaries reasonably necessary to accomplish the purpose for which the lawyer is consulted. (§ 951; 2 Witkin, Cal. Evidence (3d ed. 1986) § 1107, pp. 1047-1048; 2 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) § 40.1, p. 1419.) The privilege is provided in order to promote full disclosure in the relationship between lawyer an client. (*City & County of S.F. v. Superior Court* (1951) 37 Cal.2d 227, 235.) "'[T]he absence of the privilege would convert the attorney habitually and inevitably into a mere informer for the benefit of the opponent.'" (*Ibid.*; see *Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 599; *American Mut. Liab. Ins. Co. v. Superior Court* (1974) 38 Cal.App.3d 579, 593.)

The lawyer-client privilege is contained in division 8 (§§ 900-1070) of the Evidence Code which deals with a wide variety of privileges. While these provisions would be applicable with respect to the admissibility of evidence in a court action, would they control what evidence may be obtained in a grand jury proceeding? The answer is found in section 910, which provides:

"Except as otherwise provided by statute, the provisions of this division apply in all proceedings. The provisions of any statute making rules of evidence inapplicable in particular proceedings, or limiting the applicability of rules of evidence in particular proceedings, do not make this division inapplicable to such proceedings."

"Proceedings" is defined in section 901 as follows:

"'Proceeding' means any action, hearing, investigation, inquest, or inquiry (whether conducted by a court, administrative agency, hearing officer, arbitrator, legislative body, or any other person authorized by law) in which pursuant to law, testimony can be compelled to be given."

As commented by the California Law Revision Commission ("Commission"):

"'Proceeding' is defined to mean all proceedings of whatever kind in which testimony can be compelled by law to be given. It includes civil and criminal actions and proceedings, administrative proceedings, legislative hearings, *grand jury proceedings*, coroners' inquests, arbitration

3

86-704

proceedings, and any other kind of proceeding in which a person can be compelled by law to appear and give evidence.  This broad definition is necessary in order that Division 8 may be made applicable to all situations where a person can be compelled to testify."  (Cal. Law Revision Com. com., Deering's Ann. Evid. Code, § 901, p. 66, emphasis added.)[3]

Several reasons have been noted by the Commission for granting the use of these privileges in proceedings other than court actions:

"If confidentiality is to be protected effectively by a privilege, the privilege must be recognized in proceedings other than judicial proceedings.  The protection afforded by a privilege would be insufficient if a court were the only place where the privilege could be invoked.  Every officer with power to issue subpoenas for investigative purposes, every administrative agency, every local governing board and many more persons could pry into the protected information if the privilege rules were applicable only in judicial proceedings."  (Cal. Law Revision Com., com., Deering's Ann. Evid. Code, § 910, p. 69.)

Section 910, however, does allow for "exceptions" -- where a specific privilege will not be available in a particular proceeding.  The Commission has commented:

"Statutes that relax the rules of evidence in particular proceedings do not have the effect of making privileges inapplicable in such proceedings.  For example, Labor Code Section 5708, which provides that the officer conducting an Industrial Accident Commission proceeding 'shall not be bound by the common law or statutory rules of evidence,' does not make privileges inapplicable in such proceedings.  Thus, the lawyer-client privilege must be recognized in an Industrial Accident proceeding.  On the other hand, Division 8 and other statutes provide exceptions to particular privileges for particular types of proceedings. E.g., Evidence Code § 998 (physician-patient privilege inapplicable in criminal proceeding); Labor Code §§ 4055, 6407, 6408 (testimony by physician and certain reports of physicians admissible as evidence in Industrial Accident Commission

---

[3] "Explanatory comments by a law revision commission are persuasive evidence of the intent of the Legislature." (*Brian W.* v. *Superior Court* (1978) 20 Cal.3d 618, 623; see *People* v. *Williams* (1976) 16 Cal.3d 663, 667; *Kaplan* v. *Superior Court* (1971) 6 Cal.3d 150, 158, fn. 4.)

4

proceedings)." (Cal. Law Revision Com. com., Deering's Ann. Evid. Code, § 910, pp. 69-70.)

Pursuant to section 910, therefore, our inquiry may be reduced to determining whether any statute dealing with grand jury proceedings precludes the use of the lawyer-client privilege. Research has revealed no such statute and none has been brought to our attention. Accordingly, we conclude that a witness in a grand jury proceeding may claim the lawyer-client privilege.

B.     Work-Product Rule

Code of Civil Procedure section 2016, subdivision (b), states in part:

"The work product of an attorney shall not be discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing his claim or defense or will result in an injustice, and any writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories shall not be discoverable under any circumstances."

Subdivision (h) of the same statute provides:

"It is the policy of this state (i) to preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (ii) to prevent an attorney from taking undue advantage of his adversary's industry or efforts."

These statutory provisions codify the work-product rule in California. (*Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 609, fn. 8; *People v. Collie* (1981) 30 Cal.3d 43, 59; *Watt Industries, Inc. v. Superior Court* (1981) 115 Cal.App.3d 802, 804.)

Prior to the enactment of these provisions in 1963 (Stats. 1963, ch. 1744, § 1), a work-product doctrine was recognized by the California courts, prohibiting disclosure on a case-by-case basis "in the interests of justice." (See *San Diego Professional Assn. v. Superior Court* (1962) 58 Cal.2d 194, 204-205; *Oceanside Union School Dist. v. Superior Court* (1962) 58 Cal.2d 180, 192; *Suezaki v. Superior Court* (1962) 58 Cal.2d 166, 177-179; *Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 400-401; McCoy, *California Civil Discovery: Work Product of Attorneys* (1966) 18 Stan.L.Rev. 783, 790-795.)

5

Although not technically described as a "privilege" by the Legislature in the Evidence Code, the work-product rule has the same common law origin as the attorney-client privilege. (See *In re Grand Jury Proceedings* (8th Cir. 1972) 473 F.2d 840, 844-845.) The leading case describing its purposes is *Hickman v. Taylor* (1947) 329 U.S. 495, regularly quoted by the California courts. (See, e.g., *Rumac, Inc. v. Bottomley* (1983) 143 Cal.App.3d 810, 815; *Popelka, Allard, McCowan & Jones v. Superior Court* (1980) 107 Cal.App.3d 496, 501; *City of Long Beach v. Superior Court* (1976) 64 Cal.App.3d 65, 71-72.)

The Legislature has generally left to the judiciary the task of defining the scope of the work-product rule. At the time of codifying the rule, it stated: "The amendments to this act during the course of its passage shall not constitute evidence that the Legislature intended thereby to limit the courts in their interpretation of what constitutes the work product of an attorney." (Stats. 1963, ch. 1744, § 3; see also *Williamson v. Superior Court* (1978) 21 Cal.3d 829, 834; *Rumac, Inc. v. Bottomley, supra*, 143 Cal.App.3d 810, 813; *Mack v. Superior Court* (1968) 259 Cal.App.2d 7, 10.)

The work-product rule has been judicially construed as having two parts: (1) an absolute protection against disclosure of a writing that reflects an attorney's impressions, conclusions, or legal research and (2) a qualified protection against disclosure of material of a derivative or interpretative nature. (*Williamson v. Superior Court, supra*, 32 Cal.3d 829, 834; *Lasky, Haas, Cohler & Munter v. Superior Court* (1985) 172 Cal.App.3d 264, 271; *Aetna Casualty & Surety Co. v. Superior Court* (1984) 153 Cal.App.3d 467, 478-479.) Included within the latter category are diagrams, audit reports, appraisals and expert opinions developed as a result of the initiative of counsel. (*National Steel Products Co. v. Superior Court* (1985) 164 Cal.App.3d 476, 487; *Fellows v. Superior Court* (1980) 108 Cal.App.3d 55, 68-69; *Mack v. Superior Court, supra*, 259 Cal.App.2d 7, 10.)

Unlike the lawyer-client privilege, the work-product rule is available to (and may be waived by) the attorney although the client may claim the protection of the rule on behalf of an absent attorney. (*Lasky, Haas, Cohler & Munter v. Superior Court, supra*, 172 Cal.App.3d at 271-279; *Rumac, Inc.* v. *Bottomley, supra*, 143 Cal.App.3d at 814-816; *Fellows v. Superior Court, supra*, 108 Cal.App.3d at 63-65.)

In *People v. Collie, supra*, 30 Cal.3d 43, 60, footnote 13, the Supreme Court described the following purposes of the work-product rule:

"The most commonly recognized danger in ordering discovery of work product is that the attorney will be inhibited by the possibility that the strategies and ideas he develops to present his client's case could be put in

6

86-704

the hands of the opposing party to the detriment of his client. (*Hickman v. Taylor* (1947) 329 U.S. 495, 510-511.) But also underlying the doctrine is the strong policy against putting the attorney's credibility in issue by introducing material he has prepared, and thus creating the possibility that he will be forced to testify."

Hence, the work-product rule gives to an attorney a zone of privacy within which to investigate, analyze and prepare how best to represent his client. (See Code Civ. Proc., § 2016, subd. (h); *National Steel Products Co. v. Superior Court, supra,* 164 Cal.App.3d 476, 486; *Rumac, Inc. v. Bottomley, supra,* 143 Cal.App.3d 810, 815; *Popelka, Allard, McCowan & Jones v. Superior Court, supra,* 107 Cal.App.3d at 501.)

The work-product rule is not limited to materials prepared in anticipation of litigation but also covers materials prepared in the role of counselor. (*Aetna Casualty & Surety Co. v. Superior Court, supra,* 153 Cal.App.3d 467, 478-479.) In *Rumac, Inc. v. Bottomley, supra,* 143 Cal.App.3d 810, 815-816, the court stated:

"Interestingly, there is no reference in the legislative background to the loss of the absolute privilege when the attorney's professional skills are limited to negotiating a business deal for a client. In light of the legislative effort devoted to the statute, it is reasonable to believe that had the Legislature intended to limit the privilege to litigation only it would have said so. The Legislature not only failed to provide for any such limitation, but in section 3 declared its intent that the courts were not to be constrained in their interpretation of the attorney's absolute work product privilege. . . .

"The work product privilege provides an incentive for attorneys to maintain the highest professional competence. . . . We strongly believe there is no less need for the lawyer's professional competence in matters unrelated to litigation and observe the California Rules of Professional Conduct make no distinction between the trial and nontrial lawyer, applying to each with equal force. (See Cal. Rules of Prof. Conduct, rule 6-101.)

"Moreover, protecting attorneys' work product when they act in a nonlitigation legal capacity furthers the important goal of reducing the likelihood of litigation." (Fns. omitted.)

Even though the work-product rule is found in the discovery provisions of the Code of Civil Procedure, it has been held applicable at the time of trial. In *Rodriguez v. McDonnell Douglas Corp.* (1978) 87 Cal.App.3d 626, 648, the court concluded:

7

"The attorney's work-product privilege is applicable at trial as well as at pretrial discovery proceedings. Although Code of Civil Procedure section 2016, subdivisions (b) and (g), are contained in the portion of the code dealing with discovery, the policy "to prevent an attorney from taking undue advantage of his adversary's industry or efforts," set forth in subdivision (g) (ii) of the Code of Civil Procedure, can be given adequate effect only if the attorney's work product privilege is interpreted to apply in both the trial setting as well as in the pretrial discovery setting."[4]

The rule has also been extended to criminal proceedings by the Supreme Court. In *People v. Collie*, *supra*, 30 Cal.3d at 59, the court stated:

"We have never explicitly held the work-product doctrine applicable to criminal cases and neither has the Legislature, although it has codified the rule as to civil trials. (Code Civ. Proc., § 2016, subd. (b).) There is little reason, however, to withhold its protection from the criminally accused. Many other jurisdictions, including the federal courts, have applied the rule to criminal cases. (See, e.g., *United States v. Nobles*, *supra*, 422 U.S. 225, 238, and cases cited.) As the United States Supreme Court noted in *Nobles*: "Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case." (*Ibid.*)

We believe that the California courts would uphold reliance upon the work-product rule in a grand jury proceeding to prevent the disclosure of requested information for the same reasons as expressed in *Rodriguez* (civil trial actions) and *Collie* (criminal proceedings). The public nature of a grand jury's report prepared in its "watchdog" role of investigating the operations of local government (see *People v. Superior Court*, *supra*,

---

[4] The legislative policy behind the work-product rule now expressed in Code of Civil Procedure section 2016, subdivision (h), was previously set forth in subdivision (g) of the statute. (See Stats. 1984, ch. 1127, § 1; Stats. 1982, ch. 848, § 1.) The Legislature has adopted new language to describe the rule effective July 1, 1987 (Stats. 1986, ch. 1334, §§ 2, 3), essentially codifying several judicial decisions and not intending "to alter, amend, or affect the law in existence at the time" of the change.

13 Cal.3d 430, 441-442), for example,[5] makes the rule's application necessary to protect the interests specified by the Legislature in Code of Civil Procedure section 2016, subdivision (h). If reliance upon the work-product rule were denied, the information covered by subdivision (b) of the statute would become "discoverable" contrary to the Legislature's prohibition. Withholding the application of the rule would not serve the purpose of "encouraging full and fair representation of a client and preparation of a case without fear of subsequent scrutiny by opposing parties." (*Popelka, Allard, McCowan & Jones v. Superior Court, supra*, 107 Cal.App.3d 496, 502.) Federal courts and the courts of other states have already so concluded.

The California judiciary has relied extensively upon the decisions of other jurisdictions, particularly federal cases, in determining the scope of the work-product rule. (See *Fellows* v. *Superior Court, supra*, 108 Cal.App.3d 55, 62-63; *Papelka, Allard, McCowan & Jones* v. *Superior Court, supra*, 107 Cal.App.3d 496, 501-502; *City of Long Beach* v. *Superior Court, supra*, 64 Cal.App.3d 65, 75-78.) The rule has been found applicable in grand jury proceedings in every federal circuit that has addressed the issue. (See *In re Sealed Case* (D.C. Cir. 1982) 676 F.2d 1073, 1077-1078; *In re Special September 1978 Grand Jury* (7th Cir. 1980) 640 F.2d 49, 61-62; *In re Grand Jury Subpoena Dated Nov. 8, 1979* (6th Cir. 1979) 622 F.2d 933, 935; *In re Grand Jury Proceedings* (3d Cir. 1979) 604 F.2d 798, 803; *In re Grand Jury Subpoena* (2d Cir. 1979) 599 F.2d 504, 511; *In re September 1975 Grand Jury Term* (10th Cir. 1976) 532 F.2d 734, 738; *In re Grand Jury Proceedings supra*, 473 F.2d 840, 842-846.) It has also been applied in the grand jury proceedings of other states. (See, e.g., *Matter of Bekins Storage Co.* (1983) 460 N.Y.S. 2d 684, 688-689; *A* v. *District Court of Second Judicial District* (Colo. 1976) 550 P.2d 315, 327-328.)

In these cases the similarity between grand jury investigations and pretrial discovery proceedings has been noted. (See *United States* v. *Nobles* (1974) 422 U.S. 225, 247, fn. 6 (conc. opn. of White, J.); *In re Special September 1978 Grand Jury*, *supra*, 640 F.2d 49, 61, fn. 17.) Moreover, the various privileges found in the Constitution, statutes and common law have historically been applied in grand jury proceedings. (See *Branzburg* v. *Hayes* (1972) 408 U.S. 665, 688; *In re Sealed Case*,

---

[5] Penal Code section 925a authorizes a grand jury to "report upon the operations, accounts, and records of the offices, departments, functions, and the method or system of performing the duties of any [incorporated] city." We assume that the particular documents in question would be subject to disclosure to the grand jury except for the possible application of the lawyer-client privilege or work-product rule. Whether the documents, in whole or in part, come within the privilege or rule is beyond the scope of this opinion.

9

*supra*, 473 F.2d 840, 844; Comment, *The Witness Before a Grand Jury* (1967) 1967 Duke L.J. 97, 121.)[6]

As developed by the courts in California the work- product rule "operates in a somewhat similar fashion to a 'privilege.'" (*Watt Industries, Inc.* v. *Superior Court*, *supra*, 115 Cal.App.3d 802, 804.) Judicial interpretations of this rule have generally made it comparable "to the various privileges set forth in the Evidence Code." (*Fellows* v. *Superior Court*, *supra*, 108 Cal.App.3d 55, 65.) In light of these judicial pronouncements, we believe that a court would uphold reliance upon the work-product rule in a grand jury proceeding to prevent the disclosure of requested information.

2. The Official Information Privilege

In *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 540, the Supreme Court observed:

"Evidence Code section 1040, therefore, represents the exclusive means by which a public entity may assert a claim of governmental privilege based on the necessity for secrecy."

The second question presented concerns whether public officers are entitled to claim the lawyer-client privilege or rely upon the work-product rule following this statement in *Pitchess* regarding section 1040. We conclude that they are.

Section 1040 provides a privilege against disclosure for "official information":

"(a) As used in this section, 'official information' means information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made.

"(b) A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing official information, if the privilege is claimed by a person authorized by the public entity to do so and:

---

[6] Common law principles have been used to define the role of the California grand jury. (See *People* v. *Superior Court*, *supra*, 13 Cal.3d 430, 440; *Fitts* v. *Superior Court* (1936) 6 Cal.2d 230, 240-241; Kennedy & Briggs, *Historical and Legal Aspects of the California Grand Jury System* (1955) 43 Cal.L.Rev. 251, 262.)

"(1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; or

"(2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the information be disclosed in the proceeding. In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceedings may not be considered.

". . . . . . . . . . . . . . . . . . . . . .

In *Pitchess* v. *Superior Court, supra,* 11 Cal.3d 531, a defendant in a criminal action sought to obtain certain records of a sheriff's office. The documents were within the scope of section 1040, but the sheriff refused to claim the privilege because he feared that the criminal charges would then be dismissed. (*Id.*, at p. 539.) Instead, the sheriff sought to rely upon prior judicial decisions allowing a trial court to prohibit disclosure.[7] In rejecting the sheriff's contention, the court stated:

"The Legislature has declared that the Evidence Code generally 'establishes the law of this state respecting the subject to which it relates.' (Evid. Code, § 2.) The statutory scheme is regarded as the sole and authoritative arbiter of all matters which come within its purview. With respect to the subject of privileges, the code states specifically that "[t]he provisions of Division 8 (commencing with Section 900) relating to privileges shall govern any claim of privilege made after December 31, 1966." (Evid. Code, § 12, § subd. (c).) Thus, the Legislature has codified, revised, or supplanted any privileges previously available at common law: the courts are no longer free to modify existing privileges or to create new privileges. (See generally McDonough, *California Evidence Code: A Precis* (1966) 18 Hastings L.J. 89.)" (*Id.*, at pp. 539-540.)

This language in *Pitchess* immediately precedes the court's statement quoted above concerning the "exclusive means" of section 1040. It is apparent from the analytical context that the court was not questioning the right of public officers to claim the lawyer-

---

[7] The Supreme Court pointed out that dismissal of the criminal charges would also be required under these cases. (*Id.*, at p. 539, fn. 5.)

client privilege or to reply upon the work-product rule. The court was solely concerned with emphasizing that the official information privilege was now contained in section 1040, not in common law or judicial decision. Since both the lawyer-client privilege and work-product rule are codified, they would be upheld under the *Pitchess* analysis.

This reading of *Pitchess* is consistent with the court's language in *Shepherd* v. *Superior Court* (1976) 17 Cal. 3d 107. The *Shepherd* court quoted the *Pitchess* statement in connection with the official information privilege (*id.*, at p. 123) but separately and independently considered the application of the work-product rule (*id.* at pp. 121-122, 125.)

The *Pitchess* statement was also quoted in *Register Div. of Freedom Newspapers, Inc.* v. *County of Orange* (1984) 158 Cal.App.3d 893, 905. Here again, however, the court used the quotation in connection with the official information privilege and separately analyzed the lawyer-client privilege (*id.*, at pp. 907-908).

Government lawyers have historically been able to assert the lawyer-client privilege (*Holm* v. *Superior Court* (1954) 42 Cal.2d 500, 506-509; *City & County of S.F.* v. *Superior Court, supra*, 37 Cal.2d 227, 234-237; *Jessup* v. *Superior Court* (1957) 151 Cal.App.2d 102, 107-110). In *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs.* (1968) 263 Cal.App.2d 41, 53-54, the court stated:

"California decisional law assumes without discussion that the privilege is just as available to public agency clients and their lawyers as to their private counterparts. [Citations.] Codifying this notion, the Evidence Code distinctly includes public agencies and entities among the clients who may assert the privilege.

". . . . . . . . . . . . . . . . . . . . . . .

"Plaintiffs do not dispute the availability of the lawyer-client privilege to public officials and their attorneys. They view it as a barrier to testimonial compulsion, not a procedural rule for the conduct of public affairs. The view is too narrow. The privilege against disclosure is essentially a means for achieving a policy objective of the law. The objective is to enhance the value which society places upon legal representation by assuring the client full disclosure to the attorney unfettered by fear that others will be informed. [Citations.] The privilege serves a policy assuring private consultation. If client and counsel must confer in public view and hearing, both privilege and policy are stripped of value." (Fn. omitted.)

12

As mentioned in the *Sacramento Newspaper* case, the Legislature has specifically included "public entity" when defining the "holder of the privilege" for purposes of the lawyer-client privilege. (§ 953, subd. (d).) "Client" is broadly defined for this privilege to mean "a person who, directly or through an authorized representative, consults a lawyer" (§ 951), with "person" expressly including "public entity" (§ 175).[8] The California Law Revision Commission has commented: "Under Section 951, public entities have a privilege insofar as communications made in the course of the lawyer-client relationship are concerned. This codifies existing law. See *Holm* v. *Superior Court*, 42 Cal.2d 500, 267 P.2d (1954) . . . ." (Cal. Law Revision Com. com., Deering's Ann. Evid. Code, § 951, p. 110; see also 2 Witkin, *supra*, p. 1054; 2 Jefferson, *supra*, p. 1419.)

Similarly, the work-product rule has been applied to public lawyers (see *City of Long Beach* v. *Superior Court, supra,* 64 Cal.App.3d 65, 71-72; *People* v. *Boehm* (1969) 270 Cal.App.2d 13, 21) in the same manner as other attorneys.

The Legislature has not provided for one privilege to supersede another. Rather, if one privilege is found inapplicable, the information remains exempt from disclosure if any other privilege applies. (Cal. Law Revision Com. com., Deering's Ann. Evid. Code, § 1040, p. 232; 2 Witkin, *supra*, p. 1160; 2 Jefferson, *supra*, pp. 1328-1334.) Nothing in the language of section 1040 suggests that it controls other privileges or renders nugatory the language of such other statutes as sections 951 and 1040 (privilege for identity of informer). We are to harmonize legislative enactments insofar as possible, not create conflicts. (*People* v. *Craft* (1986) 41 Cal.3d 554, 560; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645-647.)

In answer to the second question, therefore, we conclude that a public is entitled to rely upon the lawyer- client privilege and work-product rule without regard to the availability of the official information privilege of section 1040.[9]

---

[8] For a discussion concerning what person or persons may claim the privilege on behalf of a corporate entity or other organization, see *D.I. Chadbourne, Inc. v. Superior Court* (1964) 60 Cal.2d 723, 736-738; *Hoiles v. Superior Court* (1984) 154 Cal.App.3d 1192, 1198-1202; *Benge v. Superior Court* (1982) 131 Cal.App.3d 336, 345-348; *Sierra Vista Hospital v. Superior Court* (1967) 248 Cal.App.2d 359, 366-367.

[9] The request for this opinion presented a third question which asked whether the lawyer-client privilege or work-product rule relied upon by a public officer automatically terminates with the settlement or adjudication of the underlying claim. (See Gov. Code, § 6254(b) and (k).) This question is at issue in the case of *ACLU v. Murphy and the City and County of San Francisco*, Case No. A030555 pending in the Court of Appeal for the First Appellate District,

\*\*\*\*\*

---

Division Four.  We decline to respond to this question while it is pending before the courts.  (See Foreword to 64 Ops.Cal.Atty.Gen. I, § (4)(a) and the Foreword to 66 Ops.Cal.Atty.Gen. IV, § C(9).)