[No. H026113. Sixth Dist. Apr. 7, 2004.]

VENTURE LAW GROUP et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
ALOK SINGHANIA et al., Real Parties in Interest.

## COUNSEL

Folger Levin & Kahn, J. Daniel Sharp; and David M. Jargiello for Petitioners.

No appearance for Respondent.

John W. Clark; Korda, Johnson & Wall, B. Ardell Johnson; Shearman & Sterling and Jeffrey S. Facter for Real Parties in Interest.

## OPINION

## WUNDERLICH, J.—

### I. INTRODUCTION

In this original proceeding, we consider a writ petition filed by a law firm and a former firm attorney for extraordinary relief from the trial court's discovery order compelling the attorney to answer deposition questions asked by real parties in interest about the legal advice given to the law firm's corporate client regarding a merger. Petitioners contend that the successor corporation is now the holder of the attorney-client privilege of the merged client corporation, and because the successor corporation has not waived the privilege, the attorney cannot answer the deposition questions without violating the attorney-client privilege. We agree, and for that reason we will issue a peremptory writ of mandate to vacate the discovery order.

### II. FACTUAL AND PROCEDURAL BACKGROUND

#### A. *Background*

According to the second amended complaint, the plaintiffs are Alok Singhania, Rajesh Swamy, Robert Adams, Amitabh Shah, and Vidya Damle (hereafter plaintiffs or real parties in interest). The defendants include Soft Plus, Inc., a California corporation (hereafter Soft Plus), Soft Plus, Inc., a Delaware corporation (hereafter SPDel), and U.S. Interactive, Inc. (hereafter USI), and individual defendants Mohan Uttarwar, Vijay Uttarwar, and Vinay Deshpande. Plaintiffs were all employees and shareholders of Soft Plus who left their employment before Soft Plus merged with SPDel, a wholly owned

subsidiary of USI, in 2000. Plaintiffs generally allege they were deprived of their statutory rights as minority shareholders to inspect Soft Plus's corporate records and to be given their dissenters' rights with respect to the merger with USI.

The three individual defendants are former officers and directors of Soft Plus who collectively were the company's majority shareholders. Plaintiffs assert causes of action against the former officers and directors, who are the only remaining defendants, for breach of fiduciary duty to minority share-holders, declaratory relief (consisting of a judicial determination of plaintiffs' appraisal rights under Corp. Code, § 1300 et seq.), and violation of California securities laws.

### B. *The Discovery Motion*

During the course of discovery, a dispute arose concerning the deposition of petitioner Ashley Giesler, a former attorney with petitioner Venture Law Group (hereafter VLG). VLG had provided legal advice to Soft Plus in connection with its merger with USI. Plaintiffs took Giesler's deposition, but she asserted the attorney-client privilege and refused to answer questions about the legal advice that VLG gave to Soft Plus regarding Soft Plus's alleged denial of plaintiffs' inspection rights and dissenter's rights. Plaintiffs then brought a motion before the discovery referee to compel Giesler to answer the deposition questions.

Plaintiffs argued that these questions were not barred by the attorney-client privilege because the individual defendants had raised advice of counsel as a defense, thereby waiving the privilege by implication. Plaintiffs further argued that they would be unable to evaluate or counter the advice of counsel defense absent discovery of the advice in question. In so arguing, they relied on *Wellpoint Health Networks, Inc. v. Superior Court* (1997) 59 Cal.App.4th 110 [68 Cal.Rptr.2d 844], for the proposition that interjecting the substance of communications with counsel into the litigation constitutes a waiver of the attorney-client privilege.

VLG and Giesler argued in opposition to the motion to compel that Giesler was duty bound to assert the attorney-client privilege, because an attorney must assert the privilege at a deposition unless the holder of the privilege instructs otherwise. Because USI was now the holder of Soft Plus's attorney-client privilege as a result of the merger and USI had instructed VLG to maintain the privilege, Giesler insisted she could not answer the deposition questions about her legal advice to Soft Plus. VLG and Giesler also argued that plaintiffs had failed to show an express or implied waiver of the attorney-client privilege by a holder of the privilege. According to VLG, the

individual defendants were not holders of Soft Plus's attorney-client privilege because they were never clients of VLG. Instead, VLG argued, only the current management of the successor corporation, USI, had authority to waive the privilege, and current management had not done so.

The discovery referee granted plaintiffs' motion and ordered Giesler to provide answers to the following questions: "(1) what advice was sought and given regarding dissenter's rights; and, (2) what advice was sought and given regarding plaintiffs' requests to obtain documents or information about Soft Plus, Inc." In proceedings before the trial court, VLG and Giesler filed objections to the discovery referee's recommendation, again asserting that Giesler had properly asserted the attorney-client privilege. Plaintiffs filed opposition to the objections, elaborating on their position that the attorney-client privilege did not apply. In particular, plaintiffs denied that USI was now the holder of the privilege on the ground that USI had no legitimate interest in suppressing Giesler's testimony because USI had been absolved of liability through bankruptcy. Alternatively, plaintiffs argued that the current holder of the privilege was Soft Plus's insurer, National Union Insurance Company, which was defending the litigation and, according to plaintiffs, had chosen to waive the privilege by pursuing an advice of counsel defense.

The trial court apparently agreed with plaintiffs, adopted the discovery referee's report, and made the referee's recommendation to grant the motion to compel Giesler to answer certain deposition questions an order of the court. VLG and Giesler sought extraordinary relief from the discovery order by filing a petition for writ of mandate in this court, and we issued an order to show cause why the relief sought should not be granted. We also issued a temporary stay to protect the attorney-client privilege while our writ review was pending.

## III. DISCUSSION

A. *Availability of Writ Relief and the Standard of Review*

■ Although writ review of discovery orders is disfavored, such review is appropriate when petitioner seeks extraordinary relief from a discovery order that may undermine a privilege. (*Raytheon Co. v. Superior Court* (1989) 208 Cal.App.3d 683, 686 [256 Cal.Rptr. 425].) Thus, writ review has been granted where the trial court's discovery order compelling an attorney to answer deposition questions would cause the attorney to violate the attorney-client privilege. (*Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 97 [185 Cal.Rptr. 97].)

■ The standard of review for discovery orders is abuse of discretion. (*National Football League Properties, Inc. v. Superior Court* (1998) 65

Cal.App.4th 100, 107 [75 Cal.Rptr.2d 893].) ■ A discovery order compelling answers that violate the attorney-client privilege constitutes an abuse of discretion. (See *Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 100.) In the present case, we find for the reasons discussed below that the trial court abused its discretion when it ordered Attorney Giesler to answer deposition questions, in violation of the corporate attorney-client privilege.

### B. *Application of the Corporate Attorney-client Privilege*

■ In general, when a party asserts the attorney-client privilege, that party has the burden of showing the preliminary facts necessary to support the privilege. (*State Farm Fire & Casualty Co. v. Superior Court* (1997) 54 Cal.App.4th 625, 638–639 [62 Cal.Rptr.2d 834].) The necessary preliminary facts include the existence of the attorney-client relationship at the time the confidential communication was made. (*Alpha Beta Co. v. Superior Court* (1984) 157 Cal.App.3d 818, 824–825 [203 Cal.Rptr. 752].) After this burden is met, or where there is no dispute concerning the preliminary facts, the burden shifts to the party opposing the privilege to show either the claimed privilege does not apply, an exception exists, or there has been an express or implied waiver. (Evid. Code, § 917;[1] *Wellpoint Health Networks, Inc. v. Superior Court, supra,* 59 Cal.App.4th at pp. 123–124.)

We discern no real dispute in the present case regarding the preliminary facts necessary to support the attorney-client privilege claim asserted by petitioners VLG and Giesler. The evidence showed the existence of an attorney-client relationship between Soft Plus and petitioners at the time Giesler provided confidential legal advice to Soft Plus regarding the USI merger. Accordingly, the burden shifted to real parties in interest, plaintiffs below, as the parties opposing the privilege. Real parties have attempted to meet their burden by arguing the attorney-client privilege does not apply to Giesler's legal advice to Soft Plus, or, alternatively, the privilege has been waived by the individual defendants' assertion of the advice of counsel defense. To determine whether real parties met their burden in opposing the privilege, we first look to the rules for the application of the attorney-client privilege to corporate clients.

■ Those rules are well established in California. A corporation is a person whose confidential communications with its attorney are protected by the attorney-client privilege. (§ 175; *D.I. Chadbourne, Inc. v. Superior Court* (1964) 60 Cal.2d 723, 732 [36 Cal.Rptr. 468, 388 P.2d 700]; *National Football League Properties, Inc. v. Superior Court, supra,* 65 Cal.App.4th at p. 107.) The attorney's duty of loyalty is to the corporate entity. "In

---

[1] All further statutory references are to the Evidence Code unless otherwise indicated.

representing an organization, a member shall conform his or her representation to the concept that the client is the organization itself, acting through its highest authorized officer, employee, body, or constituent overseeing the particular engagement." (Rules Prof. Conduct, rule 3-600(A).) However, as one commentator has noted, "When control of a corporation changes, and particularly when control of the corporation is challenged, attorneys will often confront complicated decisions involving personal and institutional relationships and loyalties. It is almost impossible to advise the corporation's officers or its board on a course of action that does not benefit some constituent interest (*i.e.*, majority or minority shareholders), the existing management, or a creditor. The attorney must insure that his or her recommendations for action are clearly based on the best interests of the corporation." (Counseling Cal. Corporations (Cont.Ed.Bar 2003) § 2.6, p. 137.)

█ After a merger, the attorney-client privilege of the corporation no longer in existence belongs to the successor corporation. (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 98.) This is because section 953, subdivision (d), provides that the successor of a disappeared corporation becomes the holder of the attorney-client privilege. (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 98.) The privilege may be claimed by "[t]he person who was the lawyer at the time of the confidential communication, but such person may not claim the privilege if there is no holder of the privilege in existence or if [s]he is otherwise instructed by a person authorized to permit disclosure." (§ 954, subd. (c).)[2] Thus, "[a]s long as there is a holder of the privilege in existence at the time disclosure is sought, the attorney has the duty to exercise the privilege unless the holder of the privilege instructs [her] not to do so." (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 98.)

Applying these rules, we next consider whether Giesler properly asserted the attorney-client privilege at her deposition on the ground that USI is now the holder of Soft Plus's attorney-client privilege and USI had instructed her to maintain the privilege.

C. *USI Holds Soft Plus's Attorney-client Privilege*

█ We agree with petitioners that USI is now the holder of Soft Plus's attorney-client privilege with respect to Giesler's premerger advice to Soft Plus. There is no dispute that as a result of the merger Soft Plus disappeared and USI became its successor. Therefore, USI is now the holder of

---

[2] Section 953 provides, in pertinent part, that: "As used in this article, 'holder of the privilege' means: [¶] . . . [¶] (d) A successor, assign, trustee in dissolution, or any similar representative of a firm, association, organization, partnership, business trust, corporation, or public entity that is no longer in existence."

Soft Plus's attorney-client privilege and Giesler had a duty to assert the privilege in the absence of any contrary instruction from USI. (§ 953, subd. (d); see also *Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 98.)

Real parties nevertheless contend that USI is not the holder of Soft Plus's attorney-client privilege, for several reasons. First, they argue that USI should have no interest in suppressing Giesler's testimony because USI has no potential liability due to the discharge of claims in bankruptcy. We reject this novel contention because it is unsupported by any legal authorities and is contrary to the mandate of section 953, subdivision (d), that a successor corporation is the holder of the disappeared corporation's privilege.

■ Real parties also offer a second novel contention, that Soft Plus's officers and directors liability insurance carrier, National Union Insurance Company, is the holder of the privilege because it is directing the defense for defendants and has chosen to pursue a defense based upon advice of counsel, and because it is "analogous to new management." We reject this contention because it is unsupported by any legal authorities. As petitioners point out, an insurance company that contracted to provide officers and directors coverage cannot constitute a merged corporation's successor within the meaning of section 953, subdivision (d). Moreover, while the general rule is that "the deliberate injection of the advice of counsel into a case waives the attorney-client privilege as to communications and documents relating to the advice. [Citation.] . . . [A]n insurer does not waive the attorney-client privilege where it is not defending itself on the basis of the advice it received." (*Transamerica Title Ins. Co. v. Superior Court* (1987) 188 Cal.App.3d 1047, 1053 [233 Cal.Rptr. 825].) Here, National Union Insurance Company is not defending itself and has no standing to waive Soft Plus's attorney-client privilege.

■ Third, real parties argue that the individual defendants waived Soft Plus's attorney-client privilege as holders of the privilege who have asserted the advice of counsel defense. We disagree. Former management of a merged company does not hold the merged company's attorney-client privilege and may not waive the attorney-client privilege post-merger. The California Supreme Court observed, in a case involving the transfer of the attorney-client privilege to a successor trustee, that other courts have concluded "the power to assert the attorney-client privilege passes from a predecessor officer to a successor in the analogous context of corporate affairs." (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1136–1137 [69 Cal.Rptr.2d 317, 947 P.2d 279].)

One of the other courts is the United States Supreme Court, which in *Commodity Futures Trading Comm'n v. Weintraub* (1985) 471 U.S. 343,

348–349 [85 L.Ed.2d 372, 105 S.Ct. 1986], stated, "[T]he power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors. The managers, of course, must exercise the privilege in a manner consistent with their fiduciary duty to act in the best interests of the corporation and not of themselves as individuals." The Supreme Court further declared, "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well. New managers installed as a result of a takeover, merger, loss of confidence by shareholders, or simply normal succession, may waive the attorney-client privilege with respect to communications made by former officers and directors. Displaced managers may not assert the privilege over the wishes of current managers, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties." (*Id.* at p. 349, fn. omitted.)

It therefore follows that the individual defendants, as displaced managers, have no authority to waive Soft Plus's attorney-client privilege over the wishes of the current managers of USI. Moreover, the implied waiver caused by asserting the advice of counsel defense is "limited to situations where *the client* has placed into issue the decisions, conclusions, and mental state of the attorney who will be called as a witness to prove such matters." (*Transamerica Title Ins. Co. v. Superior Court, supra*, 188 Cal.App.3d at p. 1053, italics added.) Thus, waiver is established by showing that *the client* " 'put the otherwise privileged communication directly at issue and that disclosure is essential for a fair adjudication of the action.' " (*Wellpoint Health Networks, Inc. v. Superior Court, supra*, 59 Cal.App.4th at p. 128.)

Here, there is no dispute that the defendants in their individual capacities as directors, officers, and majority shareholders were not the clients of VLG and Giesler. Since they were not clients, the individual defendants cannot impliedly waive the attorney-client privilege that attached to their confidential communications with VLG and Giesler on behalf of Soft Plus by asserting the advice of counsel defense. We understand real parties' argument that they must be allowed to depose Giesler in order to test the validity of the advice of counsel defense and the individual defendants' credibility. However, as this court has explained, "the privilege is not vitiated by the fact that its exercise may occasionally suppress relevant evidence. It has been recognized that the search of truth must sometimes give way to the purposes of the privilege." (*Transamerica Title Ins. Co. v. Superior Court, supra*, 188 Cal.App.3d at p. 1052.) Thus, "the privilege is not to be set aside when one party seeks verification of the authenticity of its adversary's position." (*Id.* at p. 1053.)

For these reasons, we find that real parties failed to meet their burden to show either that the claimed attorney-client privilege did not apply to

petitioners' confidential communications with Soft Plus or that there was an implied waiver of Soft Plus's privilege. Accordingly, we conclude that the trial court erred in granting real parties' motion to compel Giesler to answer deposition questions that would violate the attorney-client privilege and extraordinary relief is necessary to correct the error.

## IV. DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order of June 13, 2003, granting the motion of real parties in interest to compel deposition testimony from third party witness Ashley Giesler, and to enter a new and different order denying the motion. Upon finality of this opinion, the temporary stay order is vacated. Costs in this original proceeding are awarded to petitioners.

Bamattre-Manoukian, Acting P. J., Mihara, J., concurred.