Filed 1/6/23 Palo Verde Unified School District v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PALO VERDE UNIFIED SCHOOL DISTRICT,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF RIVERSIDE COUNTY,<br><br>    Respondent;<br><br>BRANDY COX et al.,<br><br>    Real Parties in Interest. | E079300<br><br>(Super.Ct.No. BLC1800256)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Manuel Bustamante, Jr., Judge. Petition granted.

Aaron C. Hanes and Winet Patrick Gayer Creighton & Hanes for Petitioner.

No appearance by Respondent.

Donald R. Holben, Mark R. Raftery, William N. Pabarcus, Thomas G. Routson, and Donald R. Holben & Associates for Real Parties in Interest.

## I. INTRODUCTION

This case involves an attempt by one party to litigation to depose and obtain documents from an investigator hired by counsel for the opposing party. Plaintiffs and real parties in interest are seven individuals who filed suit against their employer, defendant and petitioner, Palo Verde Unified School District (PVUSD), alleging various claims arising out of their employment. During the course of the litigation, plaintiffs issued a subpoena duces tecum to Nicole Miller & Associates (investigator), who had been hired by PVUSD's general counsel to investigate separate claims that had been made against some of the plaintiffs by another employee who is not a party to this litigation. Plaintiffs' document production request to the investigator called for the production of recordings of interviews, witness statements, communications and documents transmitted by PVUSD to the investigator, and any reports containing the investigator's summaries and conclusions.

As a result, PVUSD moved to quash the subpoena, asserting in part that disclosure of such matters would violate the attorney-client privilege and work product doctrine. The trial court denied defendant's motion to quash, and defendant has brought this petition for writ of mandate or prohibition to challenge the trial court's order. We conclude that defendant has established it will suffer irreparable injury unless we grant

2

extraordinary relief and, as such, we grant the writ petition and order the issuance of a writ of mandate directing the respondent court to vacate its order denying defendant's motion to quash and to issue a new order granting the motion, as well as modifying the subpoena duces tecum as directed in the disposition.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiffs filed a complaint against PVUSD alleging various claims arising out of their employment. As part of their allegations of a hostile work environment, several plaintiffs alleged that PVUSD hired an investigator to investigate claims made against plaintiffs by another employee. During the course of the litigation, plaintiffs served a subpoena duces tecum on the investigator to appear for deposition and produce documents. The document production request demanded that the investigator produce (1) recordings or statements documenting interviews conducted by the investigator; (2) written statements obtained by the investigator from witnesses; (3) communications and documents received by the investigator from PVUSD; and (4) any reports prepared by the investigator as part of its investigation.[1]

PVUSD moved to quash the subpoena, asserting in part that disclosure of such matters would violate the attorney-client privilege and work product doctrine. In support of its motion, PVUSD submitted declarations from the investigator and PVUSD's general counsel, who both attested that the investigator was hired by PVUSD's general counsel to

---

[1] Plaintiffs also requested production of the investigator's contract for hire regarding the investigation. However, the trial court granted PVUSD's motion to quash with respect to this category of production, and neither party challenges this part of the trial court's ruling in this writ proceeding.

investigate hostile work environment claims made by a nonparty employee involving plaintiffs.

Plaintiffs opposed the motion to quash, arguing that (1) PVUSD's showing was insufficient to establish that the attorney-client privilege or attorney work product doctrine applied to the investigator or the documents requested; (2) PVUSD waived any privilege that applied to the documents; and (3) there were no less intrusive means to obtain the information requested by their subpoena. The declaration of plaintiffs' counsel submitted in support of the opposition to the motion did not dispute the facts set forth in PVUSD's declarations and did not explain why plaintiffs would be unable to obtain any specific information by other means. However, counsel did attach several documents as evidence in support of plaintiffs' claim of waiver, including (1) an email sent by PVUSD's superintendent to one of the plaintiffs; (2) excerpts from the deposition testimony of one of the plaintiffs; (3) a copy of the operative complaint; and (4) a copy of PVUSD's answer to the operative complaint.

In a tentative ruling prior to hearing, the trial court indicated its intent to deny PVUSD's motion to quash and provided a one-sentence explanation that PVUSD "ha[d] put into issue the adequacy of its investigation and therefore made said information

discoverable."[2]  At the hearing on the motion, the trial court adopted its tentative ruling as the order of the court,[3] without any further explanation of its decision.

PVUSD filed a petition for writ of mandate in this court challenging the trial court's order.  We issued an order to show cause why the relief requested by PVUSD should not be granted.

### III.  DISCUSSION

A. *We Will Exercise Our Discretion To Grant Writ Relief in This Case*

Writ relief is appropriate where a party is left without a "plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., § 1086.)[4]  Thus, "[i]nterlocutory writ review of discovery rulings is ordinarily limited to situations involving (1) an issue of first impression that is of general importance to the legal profession, (2) an order denying discovery that effectively precludes a litigant from having a fair opportunity to litigate his or her case, or (3) a ruling compelling discovery that violates a privilege."  (*City of Petaluma v. Superior Court* (2016) 248 Cal.App.4th 1023, 1031 (*City of Pelatuma*).)

In this case, PVUSD challenges the trial court's discovery order on the ground that

---

[2] The trial court did grant the motion as to one category of production requesting the investigator produce her contracts for hire.  However, the parties do not challenge this portion of the trial court's ruling in this writ proceeding.

[3] The trial court slightly modified its ruling to provide that confidential identifying information pertaining to students could be redacted from any documents produced.

[4] Undesignated statutory references are to the Code of Civil Procedure.

it compels PVUSD to disclose material protected by the attorney-client and work product privileges. In such cases, review by extraordinary writ is appropriate because "a final judgment does not offer an adequate remedy [and] there is no way to undo the harm resulting from the disclosure of privileged materials." (*City of Petaluma*, *supra*, 248 Cal.App.4th at p. 1031; see *In re Jeanette H.* (1990) 225 Cal.App.3d 25, 30 ["[When] petitioner contends the ordered disclosure violates the work product doctrine, review by writ of mandate is appropriate."].) Thus, to the extent PVUSD's claims have merit, writ relief would be appropriate.

B. *General Legal Principles and Standard of Review*

Generally, "[t]he attorney-client privilege, set forth at Evidence Code section 954, confers a privilege on the client 'to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer.' " (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 732 (*Costco Wholesale Corp.*).) "The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship. [Citations.] Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." (*Id.* at p. 733; see *Venture Law Group v. Superior Court* (2004) 118 Cal.App.4th 96, 102.)

In addition to the protection afforded by the attorney-client privilege, " '[t]he work product rule in California creates for the attorney a qualified privilege against discovery of general work product and an absolute privilege against disclosure of writings containing the attorney's impressions, conclusions, opinions or legal theories.' " (*Wellpoint Health Networks v. Superior Court* (1997) 59 Cal.App.4th 110, 119-120 (*Wellpoint*).) Like the attorney-client privilege, the party claiming the protection of the attorney work product doctrine must prove " 'the preliminary facts to show that the privilege applies' " and thereafter, the burden shifts to the party seeking disclosure to make a showing why disclosure is required. (*Citizens for Ceres v. Superior Court* (2013) 217 Cal.App.4th 889, 911 (*Citizens of Ceres*); *Coito v. Superior Court* (2012) 54 Cal.4th 480, 499 (*Coito*).) Generally, the party seeking disclosure must show that "denial of discovery will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice." (§ 2018.030, subd. (b).)

"We apply the abuse of discretion standard in reviewing discovery rulings." (*City of Petaluma*, *supra*, 248 Cal.App.4th at p. 1031; *Costco Wholesale Corp.*, *supra*, 47 Cal.4th at p. 733.) However, "[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711.) A discovery order that compels disclosure of privileged material absent a recognized exception constitutes an abuse of discretion. (*Venture Law Group*,

7

*supra*, 118 Cal.App.4th at p. 102.)

C. *PVUSD Met Its Initial Burden To Show Preliminary Facts Supporting a Claim of Attorney-Client Privilege and Attorney Work Product Doctrine*

In this case, the trial court did not make any specific findings regarding the application of the attorney-client privilege or work product doctrine. Nevertheless, plaintiffs contend that PVUSD failed to meet its initial burden to show that the attorney-client privilege or work product doctrine applied to the investigator's communications or documents. We disagree.

Here, in support of its motion to quash, PVUSD submitted the declarations of the investigator and PVUSD's general counsel, who both attested to the fact that the investigator was hired by PVUSD's general counsel to investigate a hostile work environment claim made by an employee against several of the plaintiffs. Plaintiff presented no evidence to dispute these underlying facts in opposition to the motion to quash. This was sufficient to make a prima facie showing that the attorney-client privilege and work product doctrine applied to the investigator's communications and investigative materials. (*City of Petaluma*, *supra*, 248 Cal.App.4th at p. 1035 [party asserting privilege met its initial burden "by presenting undisputed evidence that [an investigator] was retained to use her . . . expertise to conduct a factual investigation that [will], in turn, be the basis for [an attorney] to provide legal advice to the [client]"]; *Wellpoint*, *supra*, 59 Cal.App.4th at p. 123 [concession that investigator was hired to conduct an investigation of potential claims against client "established the facts necessary to support a prima facie claim of privilege" even if the investigator's work was not

8

"primarily legal in nature"]; Evid. Code, § 912, subd. (a) [privilege extends to third parties when reasonably necessary for the accomplishment of purpose for which attorney was hired].)

Instead of disputing PVUSD's prima facie showing, plaintiffs contend that the attorney-client privilege and work product doctrine cannot apply "as a matter of law" to communications between PVUSD and the investigator because the investigator is not an attorney. However, the Evidence Code expressly recognizes that the attorney-client privilege is broad enough to encompass communication with third parties "when reasonably necessary for the accomplishment of the purpose for which the attorney was hired." (*Nat'l Steel Products Co. v. Superior Court* (1985) 164 Cal.App.3d 476, 484; Evid. Code, § 912, subd. (d).) As explained by the California Supreme Court, "[i]t is no less the client's communication to the attorney when it is given by the client to an agent for transmission to the attorney, and it is immaterial whether the agent is the agent of the attorney, the client, or both. '(T)he client's freedom of communication requires a liberty of employing other means than his own personal action.' " (*San Francisco v. Superior Court* (1951) 37 Cal.2d 227, 236-237; *D.I. Chadbourne, Inc. v. Superior Court* (1964) 60 Cal.2d 723, 735 [attorney-client privilege is not waived "simply because the communication was made through an agent of the client or of the attorney"].) Thus, the fact that the investigator is not herself an attorney is not sufficient to rebut PVUSD's prima facie showing.

Plaintiffs also argue that California does not recognize any third-party investigator privilege. However, in our view, this argument incorrectly frames the issue. The issue is

not whether a separate privilege exists for third-party investigators, but rather, whether the attorney-client privilege and work product doctrine protect the work of an investigator hired by an attorney. Once correctly framed, the answer is clear. California courts have repeatedly recognized that "[w]ork produced by an attorney's agents and consultants, as well as the attorney's own work product, is protected by the attorney work product doctrine." (*Citizens for Ceres*, *supra*, 217 Cal.App.4th at p. 911; *Uber Technologies*, *Inc. v. Google LLC* (2018) 27 Cal.App.5th 953, 969 (*Uber Technologies*) [" 'An attorney's work product' " includes " ' " 'the results of his own work, and the work of those employed by him or for him by his client.' " " ' "].) Here, it is undisputed that the investigator in this case was hired by PVUSD's attorney to conduct a factual investigation in response to a claim. Had the attorney conducted the investigation himself, such investigative material would unquestionably be protected as attorney work product. It does not lose such protection simply because the attorney hired an agent or consultant to assist with performing that work.

Finally, plaintiffs' suggestion that the privilege does not apply because they are not seeking any documents that contain "attorney impressions, notes, strategy, outlines or similar materials" is incorrect. While a writing that contains an attorney's impressions, conclusions, opinions, or legal research or theories is entitled to absolute protection under the work product doctrine, all other work product is still subject to qualified protection. (§ 2018.030, subd. (b); *Uber Technologies*, *supra*, 27 Cal.App.5th at p. 969 [attorney work product includes the work performed in " ' " 'investigating both the favorable and unfavorable aspects of the case, the information thus assembled, and the legal theories

10

and plan of strategy developed by the attorney . . . .' " ' "].) Thus, the fact that a discovery request does not directly seek disclosure of an attorney's impressions, conclusions, opinions, or similar material is not grounds for concluding that the work product doctrine does not apply. At best, it only shows that following PVUSD's prima facie showing, plaintiffs have an opportunity to overcome the qualified protection with their own evidentiary showing.

D. *The Trial Court's Finding of Waiver Is Not Supported by Substantial Evidence*

Because PVUSD met its initial burden to show the application of the attorney-client privilege and work product doctrine, the burden shifted to plaintiffs to show an exception to warrant disclosure. Plaintiffs contend, and the trial court found, that PVUSD waived any applicable privilege because it "has put into issue the adequacy of its investigation and therefore made said information discoverable." We conclude that this finding is not supported by substantial evidence in the record.

The protections of both the attorney-client privilege and work product doctrine may be waived. (*City of Petaluma*, *supra*, 248 Cal.App.4th at p. 1033.) "Waiver of work product protection . . . is generally found under the same set of circumstances as waiver of the attorney-client privilege—by failing to assert the protection, by tendering certain issues, and by conduct inconsistent with claiming the protection." (*McKesson HBOC, Inc. v. Superior Court* (2004) 115 Cal.App.4th 1229, 1239; *Citizens for Ceres*, *supra*, 217 Cal.App.4th at p. 915 ["[T]he same considerations apply" to waiver of the attorney-client privilege and work product doctrine.].) "Whether a waiver occurred is a question of fact, which we review under the substantial evidence standard, unless the facts are

11

undisputed and can support only one reasonable conclusion." (*Kerner v. Superior Court* (2012) 206 Cal.App.4th 84, 110.)

Here, in support of its contention that PVUSD placed the adequacy of its investigation "in issue" in the litigation, plaintiffs submitted the following evidence: (1) an email sent from a PVUSD superintendent to one of the plaintiffs; (2) excerpts from the deposition transcript of one of the plaintiffs; (3) a copy of the operative complaint and (4) a copy of PVUSD's answer to the operative complaint. As we explain, none of this evidence could support a finding of waiver in this case.

First, " '[w]aiver refers to the act, or the consequences of the act, of one side. Waiver is the intentional relinquishment of a known right after full knowledge of the facts and depend upon the intention of one party only. . . . Thus, "[t]he *pivotal* issue in a claim of waiver is the intention of the party who allegedly relinquished the known legal right." ' " (*Old Republic Ins. Co. v. FSR Brokerage* (2000) 80 Cal.App.4th 666, 678.) As such, the allegations and contentions made by plaintiffs in their operative complaint and deposition testimony cannot constitute evidence in support of a finding of waiver, even if those allegations suggest the protected material was directly relevant to their claims. A finding of waiver can only be based upon the representations, actions, or omissions of the holder of the privilege—in this case, PVUSD or its attorneys.[5]

---

[5] For this reason, plaintiffs' repeated reliance on their own allegations to overcome the asserted attorney-client privilege or work product doctrine is misplaced. The fact that the investigative materials may be "highly relevant" or "directly related" to plaintiffs' claims is not grounds for finding waiver. By its very nature, a party's assertion of the attorney-client privilege or work product doctrine is "in direct conflict with [the

*[footnote continued on next page]*

Second, PVUSD's answer to the complaint was not sufficiently specific to support a finding of waiver. "The *in issue* doctrine creates an implied waiver of the privilege *only* when the client tenders an issue involving the substance or content of a protected communication, *not* where the privileged communication simply represents one of several forms of indirect evidence in a particular case." (*Rockwell Internat. Corp. v. Superior Court* (1994) 26 Cal.App.4th 1255, 1268; *Wellpoint*, *supra*, 59 Cal.App.4th at p. 129 ["[O]nly if defendants' answer or discovery responses indicate the possibility of a defense based on thorough investigation and appropriate corrective response, can a finding of waiver be made."]; *Alpha Beta Co. v. Superior Court* (1984) 157 Cal.App.3d 818, 831 [Where allegations of an answer are "vague, conclusional and lack factual depth," a client's verification of the answer does not constitute a waiver of attorney-client privilege.].)

Here, none of the factual allegations of PVUSD's answer reference the existence of an investigation or suggest an intent to rely on the adequacy of an investigation to prove any affirmative defense. Nor can the intent to rely on the adequacy of an investigation be inferred, since none of the alleged affirmative defenses require a showing of the existence or adequacy of an investigation as an element of the defense.

opposing party's] right to discovery and production of documents. However, this situation is no different than other instances in which relevant information may be shielded from discovery based on the assertion of a privilege." (*Kaiser Found. Hosps. v. Superior Court* (1998) 66 Cal.App.4th 1217, 1227; *Fiduciary Trust Internat. Of California v. Klein* (2017) 9 Cal.App.5th 1184, 1195 [attorney-client privilege "precludes disclosure of confidential communications even though they may be highly relevant to a dispute"].)

13

Thus, the answer could not constitute evidence to support a finding that PVUSD tendered the adequacy of any investigation as an issue in the litigation.[6]

Finally, nothing in the email sent from PVUSD's superintendent could support a finding of waiver. The email at issue was sent by the superintendent in response to a request by one of the plaintiffs for a copy of the claims made against her by the complaining nonparty employee. In response, the superintendent simply stated that an investigation would be conducted by a third party to assist PVUSD in determining how to resolve the dispute. As our Supreme Court has explained, "mere disclosure of the fact that a communication between client and attorney had occurred does *not* amount to disclosure of the specific content of that communication, and as such does not necessarily constitute a waiver of the privilege." (*Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 602.) Disclosure of the fact that a third-party investigator had been hired merely discloses the existence of the privileged communications and work product at issue. It does not constitute a waiver justifying the disclosure of the contents of any communication or work product.

---

[6] We acknowledge that PVUSD could hypothetically assert the adequacy of the investigation as evidence in support of one or more defenses. However, plaintiffs did not submit any discovery responses by PVUSD that would suggest that it intended to do so. Unless and until PVUSD actually makes such an assertion, it has not tendered the substance or content of any protected communication or work product as an issue in the litigation, as a finding of waiver cannot be based solely upon an undisclosed intent that has yet to be acted upon. (*Lohman v. Superior Court* (1978) 81 Cal.App.3d 90, 95 ["[T]he *intent* to disclose does not operate as a waiver, waiver comes into play after a disclosure has been made."].)

In sum, plaintiffs submitted no evidence to support the conclusion that PVUSD tendered the adequacy of any investigation as an issue in this litigation. The only evidence to suggest that the contents of the investigative material or communications between PVUSD and the investigator were at issue were the plaintiffs' own allegations and contentions. Since waiver requires some act or omission of the holder of the privilege, such evidence was not sufficient to support a finding of waiver. Because the trial court's finding that PVUSD waived the protections of the attorney-client privilege or work product doctrine was not supported by substantial evidence, its decision to deny the motion to quash based upon such purported waiver constituted an abuse of discretion.

E. *Materials Subject to Qualified Work Product*

The fact that the trial court's finding of waiver is not supported by substantial evidence does not end our inquiry. Notwithstanding our conclusion that PVUSD met its burden to show that the attorney-client privilege and work product doctrine apply and that plaintiffs failed to meet their burden to show waiver, we agree with plaintiffs that a more particularized analysis is required because some materials may be subject only to qualified protection. As we explain, we conclude that plaintiff has established a potential exception that applies only to one category of production called for in the subpoena, and we will direct the trial court to modify the subpoena accordingly in any new order.

1. Communications Between the Investigator and PVUSD

Categories four and five of plaintiffs' production request call for the production of any complaints and documents received by the investigator from PVUSD. However, the protection provided by the attorney-client privilege "is absolute and prevents the

15

disclosure of any part of a privileged communication regardless of its content or any particularized need for disclosure." (*DP Pham LLC v. Cheadle* (2016) 246 Cal.App.4th 653, 666.) Thus, because PVUSD met its burden to show the application of the privilege in this case and plaintiffs failed to show waiver, plaintiffs are not entitled to inquire into any communications between the investigator and PVUSD at the time of any deposition.

This prohibition also precludes inquiry into the transmission or exchange of documents between PVUSD and the investigator. (*Wellpoint*, *supra*, 59 Cal.App.4th at p. 19 ["The privilege "covers all forms of communication, including the transmission of specific documents . . . ."]; *Titmas v. Superior Court* (2001) 87 Cal.App.4th 738, 744 [same]; *In re Navarro* (1979) 93 Cal.App.3d 325, 329-330 [attorney-client privilege protects "the identification of . . . document[s] transmitted"]; *Clark v. Superior Court* (2011) 196 Cal.App.4th 37, 51-52.) Thus, the document production categories requesting production of documents transmitted from PVUSD to the investigator must also be quashed.[7] Requiring the investigator to produce these documents would necessarily disclose the fact of transmission and the substance of a protected communication.

---

[7] This does not prevent plaintiff from attempting to obtain these documents by other means. It is true that "documents prepared independently by a party, including witness statements, do not become privileged communications or work product merely because they are turned over to counsel." (*Wellpoint*, *supra*, 59 Cal.App.4th at p. 119.) Nevertheless, to the extent any documents were in fact prepared or obtained independently, the investigator would have no personal knowledge of its preparation or contents, and plaintiffs are presumably able to obtain those documents by issuing discovery requests directly to PVUSD. The only conceivable purpose for requesting that the investigator—as opposed to PVUSD—produce the documents would be to ascertain the nature of the communication itself, i.e., the fact that the document was transmitted between PVUSD and the investigator hired by counsel.

## 2. Reports Prepared by Investigator

Category eight of plaintiffs' production request calls for production of any reports or documents prepared by the investigator containing the investigator's summaries or conclusions. However, California courts have consistently held that a consultant's reports, "prepared at the attorney's request and with the purpose of assisting the attorney in trial preparation," is not discoverable unless and until the consultant has been designated as a testifying expert (*DeLuca v. State Fish Co., Inc.* (2013) 217 Cal.App.4th 671, 688; *Armenta v. Superior Court* (2002) 101 Cal.App.4th 525, 534 (*Armenta*)) or "it has become reasonably certain that the expert will testify at trial" (*Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 297). Thus, in the absence of any indication that PVUSD intends to call the investigator as a witness in the case, the investigator may not be deposed regarding her findings, conclusions, or the contents of any prepared reports. Additionally, the category of production calling for production of the investigator's reports should be quashed.

## 3. Recorded Interviews and Witness Statements

Categories one, two, and three of plaintiffs' production request call for the production of any recordings or statements documenting interviews conducted by the investigator, and category nine calls for production of any written witness statements obtained by the investigator. As our Supreme Court has explained, "a witness statement obtained through an attorney-directed interview is, as a matter of law, entitled to at least

17

qualified work product protection." (*Coito*, *supra*, 54 Cal.4th at p. 497.)[8]  In order to overcome the qualified protection, the burden was on plaintiffs to show they would be unfairly prejudiced by denial of this discovery.  (§ 1028.030, subd. (b).)  However, "[u]nfair prejudice results where the party seeking discovery establishes that there exists ' "no adequate substitute" ' for the material generated . . . .  Conversely, when the party has equivalent opportunity to generate comparable evidence in its own case presentation, there is no unfair prejudice."  (*Armenta*, *supra*, 101 Cal.App.4th at p. 535; *Coito*, at p. 496 [no prejudice where "[t]he attorney is free to interview [a] witness for himself or herself to find out what information the witness has that is relevant to the litigation"].)

The record in this case simply does not support a finding of unfair prejudice under the applicable standard.  Plaintiffs have not suggested, let alone explained, how they have been prevented from ascertaining the identity of any percipient witnesses or prevented from conducting their own interviews or depositions of such witnesses.  In the absence of

---

   **8** Plaintiffs' attempt to distinguish *Coito* by arguing there is no evidence PVUSD's attorneys specifically directed the investigator to conduct any interview or contact any witness is unpersuasive.  In concluding that qualified work product protection should apply, the high court in *Coito* relied on two public policy considerations:  (1) the policy of "prevent[ing] attorneys from taking undue advantage of their adversary's industry and efforts," and (2) the policy of "encourage[ing] [attorneys] to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of those cases."  (*Coito*, *supra*, 54 Cal.4th at pp. 482, 496-497.)  Thus, we are unpersuaded that the phrase "attorney-directed" has the significance urged by plaintiffs, since the rationale behind the Supreme Court's ruling in *Coito* is not dependent upon whether the attorney provides specific instructions to his or her investigator regarding which witnesses to interview.  Additionally, we note that investigators are often hired to use their experience in locating and interviewing pertinent witnesses.  A rule requiring any interview to be attorney-directed for the privilege to apply is untenable and unduly restrictive.

such a showing, plaintiffs have not met their burden to show unfair prejudice to overcome the qualified work product protection in this case. As such, the investigator may not be deposed regarding her efforts to interview any witnesses, and the categories of production calling for the production of recordings of any interviews should be quashed.

We do, however, agree with plaintiffs that one exception might be relevant. If the investigator is in possession of any written statements independently prepared by a witness and subsequently obtained by the investigator, such statements would not be entitled to any protection under the attorney-client privilege or work product doctrine. (*Coito*, *supra*, 54 Cal.4th at p. 500; *Green & Shinee v. Superior Court* (2001) 88 Cal.App.4th 532, 536-537.) The record is insufficient for us to determine whether, in fact, any such document exists, but this concern can be easily addressed by modifying category nine of the document production request to provide only for production of witness statements independently prepared by a witness and not statements prepared at the request or direction of the investigator or PVUSD's attorneys.

We emphasize, however, that this modification would authorize only the production of the independently prepared witness statements themselves. To the extent any statement was independently prepared, the investigator would have no personal knowledge of the preparation or contents of the statement. Further, the investigator's manner, method, or reasons for obtaining such a statement continue to enjoy qualified work product protection. Thus, we see no reason why this concern would justify permitting plaintiffs to depose the investigator regarding this topic.

19

F. *We Need Not Resolve PVUSD's Other Claims of Privilege in Light of Our Conclusion That the Trial Court Should Have Granted the Motion to Quash*

PVUSD also argues the trial court abused its discretion by failing to provide adequate protections for third party privacy interests when denying its motion to quash. We need not reach these contentions in light of our conclusion that the motion should have been granted based upon the protections afforded by the attorney-client privilege and work product doctrine.

## IV. DISPOSITION

The alternative writ is discharged and the stay is dissolved. Let a peremptory writ of mandate issue directing the respondent trial court to vacate its order of June 15, 2022, and to enter a new order (1) modifying category nine of the production request to provide only for the production of written statements independently prepared by witnesses; (2) quashing the remaining categories of production, other than category six calling for the production of the investigator's curriculum vitae; and (3) prohibiting inquiry into the investigation conducted by the investigator at the request of PVUSD, any information obtained or conclusions reached as a result of that investigation, and any communications, including identification of documents transmitted or exchanged, between the investigator and PVUSD or its attorneys as part of that investigation. The motion to quash should be granted without prejudice to plaintiffs' ability to issue a new subpoena to the investigator, should PVUSD waive the protections of the attorney-client privilege or work product doctrine by indicating an intent to rely on the investigation or call the investigator as a witness in subsequent discovery responses.

Petitioner is DIRECTED to prepare and have the writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proofs of service on all parties.  Petitioner to recover its costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

RAMIREZ _____
P. J.


MILLER _____
J.

21